Township of Heidelberg *v.* C & H Development Company, Inc. and Titan Homes, Inc. C & H Development Company, Inc., Appellant.

Argued April 9, 1980, before Judges Mencer, Rogers and MacPhail, sitting as a panel of three.

*B. Ryland Wiggs,* for appellant.

*Charles W. Stopp, Steckel and Stopp,* for appellee.

OPINION BY JUDGE MACPHAIL, May 19, 1980:

In November of 1974, the Township of Heidelberg (Township) filed a complaint in equity against C & H Development Company, Inc. (Appellant) seeking to enjoin Appellant from developing certain lots on its real estate located in the Township. The Court of Common Pleas of Lehigh County entered a temporary injunction and fixed a date for a hearing to determine whether the injunction should be made permanent. Prior to the date fixed for a hearing the parties petitioned the court for an "agreed order" which continued the temporary injunction.

In 1976 the Township filed a petition for a contempt citation against Appellant alleging that Appellant was violating the terms of the temporary injunction. After a hearing, that petition was denied. On October 4 of 1976, the parties filed a stipulation of counsel pursuant to which the court entered an order, the language of which is the subject of the present

appeal. The stipulation and order continued the temporary injunction with some modification and then provided as follows:

3. The parties agree that the parties hereto, or any other parties are not limited or prejudiced as to seeking such further judicial relief as the parties may agree *or as the parties may initiate by proper application to the court.*

The Complaint in Equity, and the within stipulation and the parties hereto, shall continue to be subject to the jurisdiction and authority of the court. (Emphasis added.)

In January of 1978, Appellant obtained a rule to show cause why it should not be permitted to file a responsive pleading to the Township's complaint. On April 19, 1978, that rule was denied by the trial court. No appeal was taken from that order.

In May of 1978, Appellant filed a motion to dissolve the temporary injunction embodied in the stipulation and order of October 4, 1976 and again asked to be allowed to file a responsive pleading to the Township's complaint. After a hearing, that motion was likewise denied. It is from that order that the instant appeal has been taken.

Pa. R.C.P. No. 1531(c) provides that any party may move at any time to dissolve an injunction. Our Supreme Court has said that a court may vacate, modify or dissolve an injunction (a) if, in its discretion, judicially exercised, it believes the ends of justice would be served by modification; (b) when the law, common or statutory, has changed, been modified or extended; or (c) when there is a change in the controlling facts on which the injunction rested. *Ladner v. Siegel,* 298 Pa. 487, 148 A. 699 (1930). The trial court found no change in the law or the controlling facts in the instant case and, in the exercise of its discretion, found that the ends of justice would not be

served by a modification or dissolution of the injunction.

With respect to Appellant's request for leave to file a responsive pleading, the Chancellor held that a motion to dissolve an injunction was similar to a motion to open a default judgment and, that if sufficient grounds were not shown to justify dissolution of the injunction, the Appellant should not be entitled to file a responsive pleading. In the absence of the stipulation of counsel in the instant case, we would not hesitate to affirm the trial court. The only issue for us to resolve is whether the language in that stipulation preserved the Appellant's right to file responsive pleadings if it could not reach an agreement with the Township.

The Township argues that Appellant has not been barred from "further judicial relief" by the trial court's orders. Rather, it argues that the court has simply determined that Appellant has not shown that it was entitled to the judicial relief it sought. Appellant argues that the language was inserted in the stipulation to enable it to litigate the case in the normal way in the event the parties could not resolve their differences by mutual agreement. Appellant also contends that it has never had its day in court and that at the very least it is entitled to have an opportunity to litigate the factual issues raised in Township's complaint.

Admittedly, the language in the stipulation is susceptible to either conclusion. However, we are inclined to agree that Appellant would not knowingly forever foreclose its right to develop its land in the absence of an agreement with the Township. It seems to us that equitable considerations here require that the Appellant be given the opportunity to plead its case. Certainly no harm will come to the Township since the temporary injunction will not be disturbed until a final decree is entered.

### ORDER

AND Now, this 19th day of May, 1980, it is ordered that that part of the order of the Court of Common Pleas of Lehigh County, entered March 6, 1979, which denies to C & H Development Company, Inc. the opportunity to file a responsive pleading to the complaint in equity of the Township of Heidelberg is reversed, but that part of the said court order which denies the dissolution of the temporary injunction is affirmed pending the entry of a final decree.